UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSE LUIS ORTIZ,

    Plaintiff,                        CASE NO. 05-CV-10185

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                 MAGISTRATE JUDGE CHARLES E. BINDER

GREEN MEADOWS FARMS, INC.,

    Defendant.
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

Plaintiff Ortiz's complaint was filed on July 25, 2005. On September 21, 2005, U.S. District Judge David M. Lawson granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Dkt. 4) and referred the case to the undersigned Magistrate Judge for pretrial case management. (Dkt. 5.) Plaintiff's complaint asserts a claim of employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against his former employer, Defendant Green Meadows Farms, Inc. Specifically, Plaintiff claims that he was discriminated against on the basis of his race and national origin when his employer

required him to work in an unsanitary and hostile environment. (Compl. at 2.) Because Plaintiff is proceeding *in forma pauperis,* the Court's initial duty was to screen the complaint to determine whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Upon conducting the mandatory screening, the Court discovered that page two of Plaintiff's form complaint states that a "copy of my charge to the Equal Employment Opportunity Commission is attached to this complaint . . .," but no such document is attached. Therefore, on October 6, 2005, this Court issued an order for further proceedings requiring Plaintiff to submit the document to the Court by November 1, 2005. The *pro se* plaintiff was informed in the order that the document is necessary because, before bringing suit in federal court, a plaintiff alleging employment discrimination on the basis of race or national origin under Title VII must have filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1); *Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001); *Rivers v. Barberton Bd. Of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998) (right-to-sue letter is a condition precedent to filing claim). Plaintiff was also reminded of the requirement that the federal court action must have been filed within ninety days of the date of the EEOC right-to-sue letter, a rule that is strictly enforced. 42 U.S.C. § 2000e-5(f)(1); *Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff did not respond to the Court's order, and the deadline imposed by the Court has passed. Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect

'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Plaintiff failed to respond to the Court's order directing him to provide a document omitted from his complaint that is necessary to determine whether he satisfied the pre-condition for filing a Title VII claim, or to otherwise provide an explanation for the absence of the document. Therefore, I find that he has failed to actively pursue the litigation which he initiated, and recommend that the case be *sua sponte* dismissed for failure to prosecute.

**III.**   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)(C). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v.*

3

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                  s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: November 9, 2005                United States Magistrate Judge

**CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Jose Luis Ortiz and Honorable David M. Lawson.

Dated: November 9, 2005                By      s/Mary E. Dobbick
                                                            Secretary to Magistrate Judge Binder